IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD SYDNOR,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **OFFICE OF PERSONNEL** | : | |
| **MANAGEMENT,** | : | |
| Defendant | : | **No. 06-0014** |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                                                                          JULY 11, 2007

Reginald Sydnor initiated this action in January 2006 against the Office of Personnel Management ("OPM") related to his January 1998 termination as an Administrative Law Judge ("ALJ") for the Social Security Administration ("SSA"), and his debarment from federal service for three years. OPM filed a Motion to Dismiss or, in the alternative, for Summary Judgment (Docket No. 9). The Court granted OPM's Motion to Dismiss in part and denied it in part. See Sydnor v. OPM, No. 06-0014, 2007 U.S. Dist. LEXIS 4586 (E.D. Pa. Jan. 22, 2007) (Docket No. 19). Specifically, the Court dismissed all counts of Mr. Sydnor's Complaint except for Count Four, in which Mr. Sydnor claimed that OPM violated its own regulations by failing to make a "suitability" determination with respect to his reinstatement to federal employment after his debarment period expired in January 2001. The Court also directed OPM to answer Count Four of the Complaint. However, before OPM could file its answer, Mr. Sydnor filed an Amended Complaint in which he asserted two new counts. Mr. Sydnor did not seek leave from the Court before filing his Amended Complaint, and OPM did not accede to the amended pleading.

In the new Count Five, Mr. Sydnor now claims that OPM violated Section 706 of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, in enacting 5 C.F.R. § 930.214(c),

which, Mr. Sydnor argues, "on its face, changes the statutory language and intent" for a federal administrative agency to discipline ALJs as established by 5 U.S.C. § 7521.  Am. Compl. 4.  In Count Six, Mr. Sydnor now claims that OPM violated Section 706 of the APA because its application of its unsuitability and disbarment procedures to Mr. Sydnor overlaps and contradicts the due process procedures already established for the employing administrative agency pursuant to 5 U.S.C. § 7521.  Id.

OPM thereafter filed a second Motion to Dismiss or, in the alternative, for Summary Judgment (Docket No. 23).  Plaintiff opposed OPM's motion, and also filed a cross-motion for summary judgment (Docket No. 26).  The parties each filed a reply brief (Docket Nos. 27, 28).  For the reasons set forth below, OPM's Motion with respect to Counts Five and Six of Mr. Sydnor's Amended Complaint will be granted, and Mr. Sydnor's cross-motion for summary judgment will be denied.  Count Four of Mr. Sydnor's action will remain to be litigated.

STANDARD OF REVIEW

I.    **Motion to Dismiss**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the non-moving plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  To decide a motion to dismiss, courts can consider the allegations

contained in the complaint, exhibits attached to the complaint and matters of public record, including government agency records. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Generally, "[d]ue to an understandable difference in legal sophistication, a complaint drafted by a pro se litigant must be held to a less exacting standard than a complaint drafted by trained counsel." Lopez v. Brown, No. 04-CV-6267, 2005 U.S. Dist. LEXIS 26715, at *6 (D.N.J. Nov. 4, 2005) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Court is compelled to grant the pro se plaintiff all possible latitude in construing the allegations he makes therein. See Murphy v. Dep't of Human Servs., No. 05-6124, 2007 U.S. Dist. LEXIS 716, at *5 (E.D. Pa. Jan. 5, 2007) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed). Nonetheless, the Court is not unmindful of the circumstance that this pro se plaintiff is, himself, a lawyer.

**II.  Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

The party seeking summary judgment always bears the initial responsibility for informing

3

the court of the basis for the motion and for identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented in the motion in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

**DISCUSSION**

**I.    Amendment Without Leave of Court**

Mr. Sydnor did not seek leave from the Court to amend his complaint prior to filing his Amended Complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, after a responsive pleading has been filed and served, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). The granting of leave to amend is within the discretion of the district court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the Third Circuit, prejudice to the non-moving party "is the touchstone for the denial of an amendment."

Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Here, OPM has not objected to the fact that Mr. Sydnor filed the Amended Complaint without first seeking the Court's leave. The Court will infer from OPM's silence that it has not suffered undue prejudice due to Mr. Sydnor's filing of an Amended Complaint, and will consider OPM's motion on its merits.

**II.     OPM's Motion to Dismiss, or in the alternative, for Summary Judgment**

The Court's January 22, 2007 Memorandum and Order set forth a detailed description of the factual and procedural background of this case. See Sydnor, 2007 U.S. Dist. LEXIS 4586, at *1-11. Because the facts underlying Mr. Sydnor's various claims have not changed, the factual background of this dispute is repeated below only to the extent that it relates to the pending motions. OPM styled its motion as one to dismiss, or in the alternative, for summary judgment. The Court notes that no formal discovery has been conducted in this case. In its previous motion to dismiss, which was also styled in the alternative as a motion for summary judgment, OPM introduced as exhibits, inter alia, all of the administrative agency and federal court decisions relating to Mr. Sydnor's termination and debarment from federal service in 1998 (see Docket No. 9). In support of its instant motion, OPM did not seek to introduce any new evidence for the Court's consideration. Instead, OPM relied entirely upon the agency and federal court decisions that it had previously introduced into the record.

In reaching its decision, the Court has considered matters outside the pleadings and outside the public record. The Court has reviewed some matters of public record, including the published agency and federal court decisions described above, but has also reviewed materials, such as correspondence between Mr. Sydnor and OPM, that are not public documents. As the

court of appeals has acknowledged, the reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. Pension Benefit Guar. Corp., 998 F.2d at 1196. In response to OPM's prior motion, Mr. Sydnor introduced a voluminous set of materials, mostly consisting of correspondence between him and OPM or SSA relating to his termination, debarment and personnel record (see Docket No. 12). In response to OPM's current motion, Mr. Sydnor again introduced several exhibits into the record (see Docket No. 26). The Court concludes that Mr. Sydnor has been afforded a sufficient opportunity to respond to OPM's motion. Indeed, Mr. Sydnor's response included his own Cross Motion for Summary Judgment. Presumably, therefore, Mr. Sydnor believes that summary judgment on the record heretofore established is appropriate. Thus, the Court will consider OPM's motion as a motion for summary judgment.

OPM argues that summary judgment should be granted with respect to Counts Five and Six of Mr. Sydnor's Amended Complaint because (1) Mr. Sydnor has failed to identify any "legal wrong" or "final agency action," which is necessary to state a claim under the APA; (2) Mr. Sydnor's claims are barred by the applicable statute of limitations; (3) the APA provides an adequate remedy for the wrong Mr. Sydnor now alleges so that judicial review of that action is barred; and (4) Mr. Sydnor's claims are barred by the doctrine of res judicata.

In Count Five of his Amended Complaint, Mr. Sydnor claims that OPM lacked the authority to promulgate 5 C.F.R. § 930.214 (1997), a regulation that is no longer in effect, having been replaced by 5 C.F.R. § 930.211 (2007). See Examining System and Programs for Specific Positions and Examinations (Miscellaneous), 72 Fed. Reg. 12947, 12957-58 (Mar. 20, 2007) (to

be codified at 5 C.F.R. pts. 337, 930). The former regulation provided that "[a]n agency may remove . . . an administrative law judge only for good cause, established and determined by the Merit Systems Protection Board on the record and after an opportunity for a hearing before the Board as provided in 5 U.S.C. 7521 and §§ 1201.131 through 1201.136 of this title." 5 C.F.R. § 930.214(a) (1997). Subsection (c) of that regulation carved out an explicit exception to the procedures for certain actions conducted by OPM, providing that the statutory procedural protections "governing the removal . . . of administrative law judges do not apply in making dismissals or taking other actions requested by OPM under §§ 5.2 and 5.3 of this chapter . . . ." 5 C.F.R. § 930.214(c) (1997).

In this case, OPM directed SSA to "remove" Mr. Sydnor from his position as an ALJ, because OPM determined that he was unsuitable for the position. See Def. 1st Mot. Dismiss Ex. C. OPM has the authority to conduct suitability determinations pursuant to 5 C.F.R. § 5.2, and to direct federal agencies to terminate an unsuitable employee pursuant to 5 C.F.R. § 5.3.[1]

---

[1] Mr. Sydnor seems to argue (1) that OPM lacked the authority to promulgate 5 C.F.R. § 930.214(c), and specifically lacked the authority to limit the procedural protections afforded to ALJs pursuant to 5 U.S.C. § 7521; and/or (2) that 5 C.F.R. § 930.214(c) violates the APA because it conflicts with or inappropriately alters 5 U.S.C. § 7521. To the extent Mr. Sydnor argues that 5 C.F.R. § 930.214(c) is facially invalid, Mr. Sydnor's claim is frivolous. To prevail in such a facial challenge, Mr. Sydnor "must establish that no set of circumstances exists under which the [regulation] would be valid." Reno v. Flores, 507 U.S. 292, 301 (1993) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). Mr. Sydnor asserted claims similar to those he now asserts here during both of his appeals before the Merit Systems Protection Board ("MSPB") in 1998. See Pl. 2d Opp'n Exs. 34, 37; Def. 1st Mot. Dismiss Ex. B, Sydnor v. OPM, No. PH-0752-98-0213-I-1, at 2-3, 98 F.M.S.R. 83168 (M.S.P.B. June 3, 1998); Def. 1st Mot. Dismiss Ex. D, Sydnor v. OPM, No. PH-0731-98-0188-I-1, at 4-5 (M.S.P.B. Jun. 11, 1998). As the MSPB explained in both proceedings, the President has absolute authority to prescribe regulations to determine the fitness of applicants and employees for federal employment. See 5 U.S.C. § 3301 (providing, inter alia, that the President may prescribe regulations for the admission of individuals into the civil service and ascertain the fitness of applicants as to age, health, character, knowledge, and ability for the employment sought); § 3302 (providing, inter

In Count Six, Mr. Sydnor alleges that OPM application of its unsuitability and debarment procedures to Mr. Sydnor violate the APA because those procedures overlap and contradict the due process procedures established for ALJs pursuant to 5 U.S.C. § 7521. These claims are both frivolous and untimely, and, accordingly, summary judgment will be granted in OPM's favor with respect to both of these claims.

Section 704 of the APA provides for judicial review of "final agency action." 5 U.S.C. § 704. Unless another statute prescribes otherwise, a suit challenging final agency action pursuant to section 704 must be commenced within six years after the cause of action first accrues. 28

---

alia, that the President may prescribe rules governing the competitive service). The President delegated authority for personnel management functions to the Director of OPM. See 5 U.S.C. § 1103; § 1104. Pursuant to its broad authority to execute, administer and enforce civil service rules and regulations, OPM promulgated regulations governing suitability determinations. See 5 C.F.R. Part 731; 5 C.F.R. §§ 5.2, 5.3. Pursuant to those regulations, OPM may direct an employing agency to remove an employee, including an administrative law judge, from a position when OPM makes a determination, based on certain enumerated criteria and considerations, that the employee is unfit for the position. See 5 C.F.R. §§ 731.201 to 731.203; 5 C.F.R. §§ 5.2, 5.3. Even though administrative law judges are granted the procedural protections specified in 5 U.S.C. § 7521, the implementing regulations for that statute specifically carve out an exception for investigations by OPM as to whether a particular candidate is fit for a certain position. As such, the procedural protections contained in 5 U.S.C. § 7521 are limited by OPM's authority to remove an administrative law judge due to that judge's unsuitability for federal service. It is for this reason that 5 C.F.R. § 930.214 (c) (1997), and its replacement, 5 C.F.R. § 930.211(c) (2007), both exempt certain OPM actions from the procedural protections typically afforded to administrative law judges. Accordingly, as outlined above, OPM had the authority, pursuant to the President's delegation, to promulgate 5 C.F.R. part 930 in order to implement 5 U.S.C. § 7521. See 5 U.S.C. § 1104(a), § 1302(a), § 1305, § 3105, § 3301, § 3304, § 3323(b), § 3344, § 4301(2)(D), § 5372, § 7521; Exec. Order No. 10577, 19 Fed. Reg. 7521 (1954), reprinted as amended in 5 U.S.C. § 3301 (authorizing the Civil Service Commission, the predecessor of OPM, to "promulgate and enforce such regulations as may be necessary to carry out the provisions of the Civil Service Act and Rules, the Veterans' Preference Act, and all other applicable statutes or executive orders imposing responsibilities on the Commission.").

U.S.C. § 2401(a);[2] Harris v. FAA, 353 F.3d 1006, 1009 (D.C. Cir. 2004). The cause of action first accrues on the date of the final agency action. Id. at 1010. However, under the APA, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

In this case, a comprehensive remedial scheme and an "adequate remedy in court" were available to Mr. Sydnor, and Mr. Sydnor availed himself of both of these remedies. To the extent Mr. Sydnor challenges a "final agency action," Mr. Sydnor challenges OPM's removal and debarment decisions of January 13, 1998. Mr. Sydnor unsuccessfully appealed those decisions to the MSPB, and unsuccessfully appealed the MSPB's rulings ultimately to the United States Supreme Court.

On January 13, 1998, OPM's issued its initial determination that Mr. Sydnor was unsuitable for federal service, ordering SSA to remove him from its rolls, and debarring him for a period of three years. Def. 1st Mot. Dismiss Ex. C. This initial decision constituted a "final agency action" for purposes of the APA, and was reviewable through the administrative process. In its January 13, 1998 letter to Mr. Sydnor, OPM notified him that he could appeal its decision to the MSPB, pursuant to 5 C.F.R. § 1201.22, within 307 days of OPM's initial decision. See id. at 2.

Mr. Sydnor timely filed an appeal with the MSPB on February 11, 1998. On June 11, 1998, the MSPB denied Mr. Sydnor's appeal. See Def. 1st Mot. Dismiss Ex. D, Sydnor v. OPM, No. PH-0731-98-0188-I-1 (M.S.P.B. Jun. 11, 1998). In its decision, the MSPB addressed and

---

[2] This statute provides that, with limited enumerated exceptions not pertinent here, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

rejected an iteration of the same argument that Mr. Sydnor raises here. Namely, Mr. Sydnor argues that as an ALJ he is entitled to the procedural protections afforded by 5 U.S.C. § 7521, and that OPM somehow subverted those regulations by investigating Mr. Sydnor and instructing SSA to terminate him when the investigation returned unfavorable results. Id. at 4.[3] The MSPB also notified Mr. Sydnor that he was entitled to request board review of its initial decision within 30 days. Id. at 19. Moreover, the MSPB informed Mr. Sydnor that he could seek review of his discrimination claims by filing a petition with the Equal Employment Opportunity Commission. Id. at 20.[4] In the alternative, if Mr. Sydnor chose not to file a petition with the EEOC, he could have sought judicial review by filing a civil action in district court. The MSPB informed Mr. Sydnor that, pursuant to 28 U.S.C. § 2401(a), he would have up to six years to file a civil action

---

[3] Mr. Sydnor's briefs on appeal to the MSPB reveal that Mr. Sydnor twice argued that OPM violated the due process protections afforded to ALJs by 5 U.S.C. § 7521. Pl. 2d Opp'n Exs. 34, 37. In his first brief, Mr. Sydnor argued that OPM or SSA violated 5 U.S.C. § 7521 by suspending him indefinitely pending the outcome of his appeals. Pl. 2d Opp'n Exs. 37. In another brief, Mr. Sydnor again argued that the procedural protections afforded to ALJs by 5 U.S.C. § 7521 apply to him, and that OPM violated such procedures. Pl. 2d Opp'n Exs. 34. In its ruling, the MSPB summarized Mr. Sydnor's arguments as follows: "[Mr. Sydnor] also asserts that this regional office is without jurisdiction to hear this appeal based on his argument that, as an ALJ, he is entitled to the procedural protections provided in 5 U.S.C. § 7521." See Def. 1st Mot. Dismiss Ex. D, Sydnor v. OPM, No. PH-0731-98-0188-I-1, at 3 (M.S.P.B. Jun. 11, 1998). The MSPB disagreed and described in detail how the regulations at issue, 5 C.F.R. parts 731 and 930, were explicitly excepted from 5 U.S.C. § 7521. Id. at 5. The MSPB concluded that "despite the fact that [Mr. Sydnor] is an ALJ, he has no entitlement to the additional procedural protections afforded to an ALJ in designated actions pursuant to 5 U.S.C. § 7521." Id.

[4] In his appeal to the MSPB, Mr. Sydnor argued that he was discriminated against on the basis of his disability. The MSPB informed Mr. Sydnor that he could seek judicial review of the MSPB's decision related to his discrimination claims by filing a petition with the EEOC, or by filing a civil action. See Def. 1st Mot. Dismiss Ex. D at 20. The MSPB further informed Mr. Sydnor that, should he choose not to contest the MSPB's decision on discrimination, he could seek judicial review by filing a petition with the Court of Appeals for the Federal Circuit. Id. at 20-21.

in district court.  Id.

In a separate action, Mr. Sydnor appealed to the MSPB SSA's decision to suspend him indefinitely following OPM's negative suitability determination.  The MSPB dismissed his appeal because it lacked the jurisdiction to consider it.  See Def. 1st Mot. Dismiss Ex. B, Sydnor v. OPM, No. PH-0752-98-0213-I-1, at 3 (M.S.P.B. Jun. 3, 1998).  In its opinion, the MSPB also informed Mr. Sydnor of his right to appeal, first to the board of the MSPB, and if he was dissatisfied with the MSPB's ruling, then to the Court of Appeals for the Federal Circuit.  Id. at 4-5.

Mr. Sydnor appealed both decisions to the board of the MSPB, which denied his appeal with respect to both actions on December 30, 1998, thereby terminating his administrative remedies.  See Def. 1st Mot. Dismiss Ex. E, Sydnor v. OPM, Nos. PH-0721-98-0188-I-1, PH-0752-98-0213-I-1 (M.S.P.B. Dec. 30, 1998).  Mr. Sydnor then filed a civil action in federal court for the District of Maryland seeking de novo review of the MSPB's decision.  See Def. 1st Mot. Dismiss Ex. H.[5]  The court granted summary judgment in favor of the OPM defendants and against Mr. Sydnor.  See Def. 1st Mot. Dismiss Ex. G.  The court found that Mr. Sydnor's claims were "frivolous," that OPM's determination that Mr. Sydnor was unsuitable for federal service was supported by "ample evidence," and that on the record before the court, Mr. Sydnor "clearly was unsuitable to serve as an ALJ for the SSA."  Id. at 2.  Mr. Sydnor appealed to the Court of

---

[5] It is unclear if Mr. Sydnor sought review of only one or both of the MSPB's decisions.  The MSPB's final word on the matter was a denial of both appeals without an opinion.  See Def. 1st Mot. Dismiss Ex. E.  In the Maryland district court, Mr. Sydnor argued that the personnel actions taken by SSA were racially discriminatory in violation of Title VII of the Civil Rights Act of 1964, that the suitability investigation conducted by OPM was in violation of the Rehabilitation Act, and that MSPB's decisions were grounded upon certain procedural defects.  See Def. 1st Mot. Dismiss Exs. G, H.

Appeals for the Fourth Circuit, which affirmed the district court's holding. Sydnor v. LaChance, 210 F.3d 362 (4th Cir. 2000) (per curiam). Taking the final step, Mr. Sydnor petitioned for certiorari to the United States Supreme Court. The Supreme Court denied his petition on November 27, 2000. Sydnor v. LaChance, 531 U.S. 1014 (2000).

In light of the procedural history of Mr. Sydnor's claims relating to OPM's unsuitability and debarment determinations, this Court is compelled to grant summary judgment in OPM's favor as to Mr. Sydnor's claims. The APA provides that judicial review is available for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As described above, Mr. Sydnor was entitled to appeal, and did appeal, OPM's initial decision, two of the MSPB's initial decisions, and the MSPB's final decision. Once he exhausted his options within the administrative agencies, he sought judicial review in federal court. Therefore, Mr. Sydnor exhausted all of the remedies available to him and, because he had an "adequate remedy in court," he is precluded from bringing the same claims, or variations of those claims, now. In addition, under the governing federal statute, Mr. Sydnor had to have sought judicial review of OPM's decisions in federal court within six years of the final adverse agency action. OPM issued its initial decision on January 13, 1998, and the MSPB issued its final decision denying Mr. Sydnor's claims on December 30, 1998. Therefore, Mr. Sydnor's complaint as to this issue, which was filed on January 9, 2006, is untimely. Therefore, summary judgment will be granted with respect to Counts Five and Six of Mr. Sydnor's Amended Complaint.[6]

---

[6] Mr. Sydnor's claims are likewise barred by the doctrine of res judicata. This doctrine provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981). The claim-preclusive aspect of res judicata requires a showing by the defendants that there has been: (1) a final judgment on the merits; (2) a prior

**III.    Mr. Sydnor's Cross Motion for Summary Judgment**

Mr. Sydnor appears to argue that summary judgment should be granted with respect to Counts Five and Six of his Amended Complaint.[7]  Because the Court will grant OPM's motion for summary judgment with respect to Counts Four and Five, the Court need not discuss Mr. Sydnor's arguments in this regard.  The Cross Motion will be denied.

**CONCLUSION**

For the reasons discussed herein, OPM's Motion for Summary Judgment will be granted,

---

suit involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action.  Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1086 (3d Cir. 1988) (citing United States v. Athlone Indus., Inc., 746 F.2d 977 (3d Cir. 1984).  In this case, all three of those requirements are met.  The Maryland district court granted summary judgment in favor of the OPM defendants and against Mr. Sydnor on his claims arising out of OPM's unsuitability removal and debarment determinations.  The defendants in Mr. Syndor's prior action in the Maryland federal court included Janice R. LaChance, the previous director of OPM.  Counts Five and Six of Mr. Sydnor's Amended Complaint challenge the same administrative agency action that he challenged by exhausting his administrative remedies and his options in federal court as described above.  Although the legal theories Mr. Sydnor advanced in federal court in Maryland are not expressed in identical terms to those he advances here, it is clear that the causes of action are the same and, at a minimum, could have been included in his earlier complaint in the Maryland litigation.  Mr. Sydnor is precluded from raising those claims now.

[7]    While it is not entirely clear from Mr. Sydnor's Cross Motion for Summary Judgment with respect to which Counts he seeks summary judgment, he appears not to address Count Four of his Amended Complaint.  As the Court noted in its prior Memorandum in this action, with his Count Four, Mr. Sydnor will eventually have to prove that (1) OPM was required to make a suitability determination of an individual upon that individual's request, (2) he has in fact requested OPM to conduct a suitability determination, (3) OPM refused his request; and (4) OPM's refusal was a final agency action "unlawfully withheld or unreasonably delayed." Sydnor, 2007 U.S. Dist. LEXIS 4586, at *28-29 (quoting 5 U.S.C. § 706(1)).  The Court further noted that Mr. Sydnor had not pleaded evidence to show that he in fact requested OPM to determine his suitability immediately following the end of his debarment period, that he followed the requisite procedures or that OPM improperly refused his timely request. Id. at *28-29.  The parties have not engaged in discovery in this case, and Mr. Sydnor has not produced the evidence responsive to the issues described above.  As such, because no discovery has begun and material facts remain in dispute, summary judgment is entirely inappropriate with respect to Mr. Sydnor's motion as to Count Four of his Amended Complaint.

and Mr. Sydnor's Cross Motion for Summary Judgment will be denied. An appropriate Order follows.

                                                          S/Gene E.K. Pratter
                                                          Gene E.K. Pratter
                                                          United States District Judge

July 11, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD SYDNOR,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **OFFICE OF PERSONNEL** | : | |
| **MANAGEMENT,** | : | |
| Defendant | : | **NO. 06-0014** |

## O R D E R

AND NOW, this 11th day of July, 2007, upon consideration of Defendant Office of Personnel Management's Motion to Dismiss, or in the alternative, for Summary Judgment (Docket No. 23), pro se Plaintiff Reginald Sydnor's Memorandum in Opposition and Cross Motion for Summary Judgment (Docket No. 26), OPM's Opposition to Plaintiff's Cross Motion (Docket No. 27), and Plaintiff's Reply (Docket No. 28), it is **ORDERED** that:

1. OPM's Motion for Summary Judgment is (Docket No. 23) is **GRANTED** with respect to Counts Five (5) and Six (6), and Remedies Six (6) and Seven (7) of Mr. Sydnor's Amended Complaint;

2. Mr. Sydnor's Cross Motion for Summary Judgment is **DENIED**; and

3. OPM shall have twenty (20) days from the date of entry of this Order to file and serve an answer to Mr. Sydnor's Amended Complaint with respect to Count Four (4) only.

BY THE COURT:

S/Gene E.K. Pratter

GENE E.K. PRATTER
United States District Judge